ILLINOIS EMERGENCY RELIEF COMMISSION, No. 21.

THE TRUST COMPANY OF CHICAGO, A CORPORATION, ADMINISTRATOR OF THE ESTATE OF EDWARD V. CHAPMAN, DEC'D., Claimant *vs.* ILLINOIS EMERGENCY RELIEF COMMISSION, Respondent.

*Opinion filed December 16, 1937.*

728

ADVISORY OPINION BY MR. JUSTICE YANTIS.

*To the Illinois Emergency Relief Commission:*

Pursuant to your request for an Advisory Opinion, based upon the attached statement of facts submitted by you in the matter of the claim of *The Trust Company of Chicago, a Corporation, Administrator of the Estate of Edward V. Chapman, Deceased* vs. *Illinois Emergency Relief Commission,* the following Opinion is rendered, based upon the aforementioned statement:

From the statement submitted it appears that Edward V. Chapman was assigned on Construction Project S1-B4-398 of the Illinois Emergency Relief Commission, at 1319 S. Michigan Avenue, Chicago; that on the 11th day of June, 1934, while so employed he was sent to 758 W. Harrison Street to do certain repair work. That while in the course

of his work a scaffold on which he was standing collapsed and he fell approximately six (6) feet to the floor, thereby suffering a fracture of the left Tibia and Oscalcis. Payment of medical and hospital bills appear to have been made by the I. E. R. C. and the statement further indicates that Chapman suffered a specific partial loss of thirty-five (35) to fifty (50) per cent of the use of his left foot.

It further appears that Edward V. Chapman filed application for award in the Court of Claims, same now appearing as C. of C. No. 2510; that he thereafter died on October 27, 1935 of chronic Myocarditis. From the statement filed it appears that The Trust Company of Chicago, a corporation has been appointed Administrator of the Estate of Edward V. Chapman, Deceased, and that it is with such Company, as personal representative of Edward V. Chapman, Deceased, that your Commission is now dealing, and that such Administrator and its Attorneys have agreed to accept Three Hundred Fifty-four ($354.00) Dollars in full settlement for the Edward V. Chapman claim.

It does not appear from the statement that Edward V. Chapman left surviving any widow, child or children whom he was under legal obligation to support at the time of his injury, or any parent, child or children, grandparent or grandchild or collateral heirs who were wholly or partially dependent upon him.

The Workmen's Compensation Act contains the following provision:

"Any right to receive compensation hereunder shall be extinguished by the death of the person entitled thereto, subject to the provisions of this Act relative to compensation for death received in the course of employment, *and subject to the provisions of paragraph (e) of Section 8 of this Act relative to specific loss;* provided, that upon the death of a beneficiary, who is receiving compensation provided for in Section 7, leaving surviving a parent, sister or brother," etc., etc. "the latter shall receive," etc., etc. (Sec. 21, W. C. A.)

In reading the foregoing we find that the extinguishment of the right to receive compensation is made subject to two conditions, the second being the provisions of Paragraph (e) of Section 8 of the Compensation Act, relative to specific loss.

The claim in question as now submitted is for a specific partial loss of thirty-five (35) to fifty (50) per cent of the use of the employee's left foot, and the proposed settlement is on the basis of the first figure, i. e. thirty-five (35) per cent.

Settlement with claimant is apparently authorized under the several provisions of the Workmen's Compensation Act and the amount for which such settlement is to be made i. e. Three Hundred Fifty-four ($354.00) Dollars, is the sum to which plaintiff would be entitled under the minimum of Seven and 50/100 ($7.50) Dollars per week for thirty-five (35) per cent specific loss of use of his left foot. We are of the opinion that settlement may be properly made by your Commission for the latter sum under the statement of facts heretofore submitted by you.